MARTÍNEZ, PLAINTIFF AND APPELLEE, *v.* CESTERO ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the Second District Court of San Juan in an Action of Debt, Etc.

No. 2886.—Decided May 22, 1923.

PLEADING—COUNTER-COMPLAINT—DISCRETION OF COURT.—In order to justify the reversal of a judgment because the trial judge refused to allow the filing of a counter-complaint at the commencement of the trial, it would be neces-sary to show an abuse of discretion, and the appellant having failed to show this, the judgment, which was not attacked on its merits, should be affirmed.

The facts are stated in the opinion.

*Messrs Guerra Mondragón & Soldevila* for the appellants.

*Mr. Juan de Guzmán Benítez* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Rafael and Dolores Gutiérrez were the owners of a rural property situated in Pueblo Viejo, Bayamón, and sold it to Francisco Robledo for the sum of $40,960. The grantee agreed to pay the purchase price at the end of twenty years and to pay in the meantime $3,000 annually as interest. The purchase price was secured by a mortgage on the prop-erty. Rafael Gutiérrez died and was succeeded by his wife, his six legitimate children and three natural children, the part of the mortgage credit belonging to him being dis-tributed among them. At this stage certain differences arose and Dolores Gutiérrez brought an action against the heirs of Rafael Gutiérrez which terminated in a judgment declaring that of the whole amount of the mortgage credit the plaintiff was entitled to $8,533 on which the interest was $52.085 monthly. This represented a difference of

$918.05 in favor of the plaintiff and that sum had to be deducted proportionately from the allotments previously made to the widow and children of Rafael Gutiérrez. The defendants were also adjudged to pay to the plaintiff certain other sums of money and in order to collect them the plaintiff levied execution on the widow's interest in the mortgage credit. No bidders appeared at the sale and the share of the widow was conveyed to the plaintiff. Afterwards the plaintiff assigned the increase of $918.05 and the new share conveyed to her to Juan de Guzmán who in turn assigned it to Manuel Martínez, the plaintiff in the action in which this appeal was taken. That action was brought for the purpose of readjusting the shares of each of the co-owners in order to present a statement of said readjustment in the registry of property and thus secure from the grantee of the property the payment of the interest that he had ceased to pay on the ground that he did not know exactly to whom it should be paid.

The defendants entered appearance by groups. They demurred and then answered. Finally February 8, 1922, was set for the trial and before it was commenced the defendant heirs of Rafael Gutiérrez moved the court for leave to file a counter-complaint. Notwithstanding that fact the trial was proceeded with, the parties announcing that they were ready. The question of whether or not the counter-complaint should be admitted was submitted on briefs. On March 22, 1922, the court ruled that the counter-complaint should not be admitted and on July 5, 1922, rendered the judgment appealed from sustaining the complaint.

The appellants allege in their brief that the court erred in refusing to allow the filing of the counter-complaint.

We agree with the appellants that new parties may be brought into the action by means of a counter-complaint, if their inclusion is necessary for the complete determination of the rights of the parties already before the court with

regard to the property in controversy between them (*Lewis v. Fox,* 122 Cal. 244; *Goodell* v. *Verdugo Cañon Water Co.,* 138 Cal. 308, 317), and we also agree that the facts alleged in the counter-complaint have a connection with at least a part of the transactions on which the action is based.

Notwithstanding the advanced stage of the proceedings, perhaps the court might have granted the leave, but the real question is whether in refusing to do so the court abused its discretional power.

The appellee discusses at length in his brief the allegations on which the counter-complaint is based and contends that they do not state a good cause of action. The appellants merely cite jurisprudence with which, as we have said, we agree, and establish the relation existing between what is alleged in the counter-complaint and in the original complaint. They adduce no argument on the merits of the counter-complaint itself.

We shall not discuss or decide the question of whether or not the counter-complaint states a good cause of action, because that would prejudge the question involved, but the fact is that considering the tendency and purpose of the suit, the allegations of the counter-complaint and the attitude of the appellants, we do not feel inclined to reverse the judgment appealed from, which is apparently just and has not been attacked in the least by the appellants who, besides, in case they have a good cause of action, may assert it in the corresponding action.

No abuse of discretion having been shown on the part of the court in refusing permission to file the counter-complaint and the judgment appealed from not having been attacked on its own merits, it must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.